WARFIELD
vs.
DAVIS.

---

14m 33
99 155

14bm 33
106 801

Case 12.

## Warfield *vs.* Davis.

### ERROR TO MASON CIRCUIT.

1. Whether a common law court has power to require of a defendant who is sued by one claiming right to freedom, binding himself to have such person forthcoming at a subsequent term of the court, and not to sell or dispose of such person, or send him out of the state, or has not such power, yet, if such bond be given, it is obligatory as a common law obligation, and suit may be maintained thereon for a violation of its conditions.

2. One whose agent is sued in respect to property which he holds for his principal, and who has knowledge of the pendency of the suit, is bound by the decision against the agent.

3. Where the right of one suing for freedom is doubtful, it is not usual for hire to be adjudged to the plaintiff, though his right be established.

4. Where one held as a slave sues for freedom, and a bond is required by the common law judge, and given by the defendant, stipulating for the forthcoming of the plaintiff at the next term of the court, that he will not sell or remove him out of the state, but without any stipulation to pay hire, upon the right of freedom be adjudged to plaintiff, though the conditions of the bond be broken, there can be no hire recovered for the time preceding the judgment establishing the right to freedom, but for subsequent hire and the expenses incident to recovering his freedom from one to whom the defendant sold the plaintiff pending an appeal, he had a right to recover.

WARFIELD
*vs.*
DAVIS.

Judge SIMPSON delivered the opinion of the court.

Whether a court of common law has the power or not, to make an order in a suit for freedom, directing the sheriff to hire the plaintiff out, unless the person claiming him as a slave, shall execute a bond with security, conditioned to have him forthcoming at a subsequent term of the court, and in the mean time not to sell or dispose of him, or send him out of the commonwealth; we have no doubt, that if such a bond be executed, it is according to numerous decisions upon the subject, valid and obligatory as a common law bond. The bond is executed voluntarily, the claimant having his option to execute it or not. It has a sufficient consideration to sustain it, and is not immoral in its tendency, or inconsistent with the policy of the law. It is just such a bond as the chancellor has an undoubted right to require in similar cases, and is frequently necessary to secure to the plaintiff the full benefit of a judgment in his favor, in the suit which he is prosecuting to establish his freedom. We think, therefore, the plaintiff had a right to maintain this action on the bond, whether the common law judge had the power to make the order under which it was executed or not.

1. Whether a common law court has power er to require of a defendant, who is sued by one claiming right to freedom, binding himself to have such person forthcoming at a subsequent term of the court, and not to dispose of or sell such person or send him out of the state, or has not such power, yet if such bond be given it is obligatory as a common law obligation, and suit may be maintained thereon for violation of its conditions.

We are also of the opinion, that Warfield is bound by the judgment which the plaintiff obtained against Tingle, in the suit brought by him to establish his right to freedom. Tingle was Warfield's agent, and had the plaintiff in his possession in that capacity, when the suit was instituted, and it is perfectly evident that Warfield not only knew of the pendency of the suit, but acted, and was regarded by the court as the real

2. One whose agent is sued in respect to property which he holds for his principal, and who has knowledge of the pendency of the suit, is bound by the decision against the agent.

WARFIELD
vs.
DAVIS.

party in interest in defending it. His privity, there-fore, is sufficiently established, and he is as much bound by the judgment as if he had been a defendant in the suit. The most important question in the case however, is as to criterion, by which the plaintiff's right of recovery upon the bond is to be regulated and governed. On the the part of the defendant, it is contended, that the only breach of the bond, was the failure to have the plaintiff forthcoming at the May term, 1846, of the Mason circuit court, and that he sustained no real injury by that failure, and is consequently only entitled to nominal damages in this action. It is contended on the other side, that for this failure, the plaintiff, who has established his freedom, has a right to recover hires for all the time he was retained by the obligor in his possession, after the breach of the bond occurred, and also, such expenses as were incurred by him in returning to this state, after a final judgment was rendered in his favor in the suit against Tingle, he having been in the meantime sold by Warfield, and taken to the south by the purchaser.

3. Where the right of one sueing for freedom is doubtful, it is not usual for hire to be adjudged to the plaintiff though his right be established.

The verdict and judgment in favor of the plaintiff in the suit against Tingle, having allowed him but one cent in damages for illegal detention, is conclusive against his right to any hire before that suit was instituted. And as his right to freedom was very doubtful, until it was settled by the final judgment in his favor, the same principle which denied his right to compensation for services rendered before the institution of the suit, would also deprive him of any right to it against Warfield, for services rendered during its pendency. Unless, therefore, this right has been secured to him by the bond sued upon, it has no existence, and he has no available claim against the defendant for hires accruing during the pendency of the suit. Where a person suing for freedom, is hired out by order of the chancellor, the hires accruing during the pendency of the controversy, are disposed of according to the result of the suit; and in some cases,

where the complainants right to freedom was perfectly manifest, hires have been decreed against the defendant, from the commencement of the suit, where no order was made requiring the complainant to be hired out during its pendency. But no hires have been allowed in any case, so far as we are apprized, where the complainant's right to freedom was doubtful, and honestly contested by the person who claimed him as a slave.

The bond executed by Warfield does not contain any stipulation for the payment of hire. The sheriff was required to hire out the plaintiff, unless Warfield would execute a bond not for the payment of hire, but for the safekeeping and forthcoming of the plaintiff. The order contemplates Warfield's right to the possession of him without the payment of hire; and unless he was legally responsible for hire, a breach of his bond, in failing to have the plaintiff present in court, according to its condition, could not render him liable for it. We have already stated that he is not, according to the settled doctrine of the law, liable for any hire before the plaintiff's right to freedom was finally established, and therefore, the breach of his bond, which occurred, could not subject him to any such liability.

The plaintiff's detention in slavery, after he had been adjudged to be free, was however, illegal, and for such detention, he has a right to be compensated in damages, and for this injury the defendant is liable upon his bond. The sale of the plaintiff, during the pendency of the appeal, was also in contravention of the object of the bond, and consequently such reasonable expenses as were necessarily occasioned thereby to the plaintiff, after his right to freedom had been established, in availing himself of that right, and in returning to this state, he is also entitled to recover in this suit.

The court below, by its instruction, gave to the jury an unlimited discretion as to the amount of the recovery, provided it did not exceed the penalty of the

4. Where one held as a slave sues for freedom, and a bond is required by the common law judge and given by the defendant stipulating for the forthcoming of the plaintiff at the next term of the court; that he will not sell or remove him out of the state; but without any stipulation to pay hire, upon the right of freedom be adjudged to the plaintiff, tho' the conditions of the bond broken, there can be no hire recovered for the time preceding the judgment establishing the right to freedom, but for subsequent hire and the expenses incident to recovering his freedom from one to whom the defendant sold the plaintiff pending an appeal, he had a right to recover.

bond. In this respect the court erred, and induced the jury to find a verdict against the defendant for a larger sum than was authorized by the law and the testimony.

As the inquiry will be much restricted upon another trial, the same questions of evidence may not again arise in the cause, and they will not, for that reason, be noticed or passed upon at this time.

Wherefore, for the error of the court in its instruction to the jury, the judgment is reversed, and cause remanded for a new trial in conformity with this opinion.

ROBINSON and JOHNSON and TAYLOR for plaintiff; HORD and PAYNE for defendants.